**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Lee Daniel Lueck |
| Debtor 2 (Spouse, if filing) | Carlyn J Lueck |
| United States Bankruptcy Court for the: | Utah |
| Case number | 16-28218 |

## Official Form 410S1
# Notice of Mortgage Payment Change                                     12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** US Bank Trust National Assoc. as Trustee of the Lodge Series III Trust

**Court claim no.** (if known): 2-2

**Last 4 digits** of any number you use to identify the debtor's account: 7 3 9 1

**Date of payment change:** 07/01/2019
Must be at least 21 days after date of this notice

**New total payment:** $ 4,050.92
Principal, interest, and escrow, if any

### Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

   ☒ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ _____    New escrow payment: $ _____

### Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

   ☐ No
   ☒ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: 4.00 %    New interest rate: 7.125 %
   Current principal and interest payment: $ 1,469.90    New principal and interest payment: $ 3,595.93

### Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

   ☒ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (*Court approval may be required before the payment change can take effect.*)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

Official Form 410S1                Notice of Mortgage Payment Change                page 1

| Debtor 1 | Carlyn | | Lueck | Case number (if known) | 16-28218 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

❑ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✗ *Shonua L Rhodes*
Signature

Date  05/21/2019

Print: Shonua  L.  Rhdoes
First Name    Middle Name    Last Name

Title  BK Asset Manager

Company  SN Servicing Corporation

Address  323 Fifth Street
Number    Street

Eureka                              CA      95501
City                                State    ZIP Code

Contact phone  (800) 603-0836

Email  BKNotices@snsc.com

[Space Reserved for Recording Information]

## MODIFICATION AGREEMENT

This Modification Agreement (the "Agreement") is dated as of March 11, 2014 but effective as of the Modification Effective Date defined herein, by and between CARLYN LUECK and LEE LUECK (collectively, the "Borrower") and Caliber Home Loans, Inc., on behalf of the current investor (the "Servicer").

RECITALS:

- A. Borrower currently has a mortgage loan, account no.             serviced by Servicer (the "Loan") secured by real property located at 2 CHERRYWOODS LANE  SANDY             UT 84092 (the "Property"). The legal description of the Property is (if recordation of this Agreement is necessary).
- B. Borrower executed and delivered the following documents, among others, related to the Loan (collectively, the "Loan Documents"):
    1)    Note dated June 14, 2007 in the original principal amount of $ 547,000.00 (the "Note"); and
    2)    Mortgage or Deed of Trust on the Property to secure, and bearing the same date as, the Note recorded in the records of SALT LAKE, UT.
- C. As of March 11, 2014, amounts due and outstanding under the Note but not paid by Borrower total $ 508,261.18, consisting of unpaid principal of $ 440,970.55, accrued but unpaid interest of $ 13,750.23, and unpaid fees or advances due to Servicer of $   1,369.93.  A portion of the advances due to Servicer includes advances for taxes and insurance ("Ancillary" amounts) totaling $   841.97.
- D. Borrower is in default under the Loan Documents, and Servicer has properly accelerated the Note or may, at Servicer's option, accelerate the Note.
- E. Borrower has delivered to Servicer documentation of Borrower's current financial situation as requested by Servicer and, as an accommodation to Borrower, Servicer has offered to modify the terms of the Loan as described herein.

Borrower and Servicer (collectively, the "Parties"), agree as follows:

1. **Borrower's Representations.** Borrower hereby certifies and represents to Servicer:

    - A. Borrower is experiencing a financial hardship and, as a result, (i) is in default under the Loan Documents, and (ii) does not have sufficient income or access to sufficient liquid assets to make the existing scheduled monthly mortgage payments now or in the near future;
    - B. The Property has not been condemned or is not subject to condemnation proceedings;
    - C. There has been no change in the ownership of the Property since Borrower signed the Loan Documents;
    - D. Borrower has provided documentation as requested by Servicer including documentation for all income that Borrower receives (and understands that Borrower is not required to disclose child support or alimony unless Borrower chooses to rely on such income when requesting to qualify for the modification described in this Agreement);
    - E. All documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct; and

4:72                                                                                                                                                       1

F. If Servicer requires Borrower to obtain credit counseling in connection with the execution of this Agreement, Borrower will do so within 30 days of execution of this Agreement and provide Servicer with proof thereof.

2. **Preconditions to Effectiveness of Agreement.** Borrower agrees to sign and return the original signed Agreement to Servicer where indicated below on or before March 26, 2014. Upon receipt of Borrower's signed Agreement, Servicer will determine, in its sole discretion, whether Borrower's representations in Section 1 of this Agreement continue to be true and correct in all material respects. If Servicer determines that the representations continue to be true and correct, then Servicer will execute this Agreement where indicated below, and the modifications to the Loan Documents described herein will become effective on the date inserted by Servicer under its signature below (the "Modification Effective Date"). If Servicer determines that any of Borrower's representations are not true and correct, then Servicer will not be obligated or bound to execute this Agreement or to modify the Loan Documents as described herein, the Loan Documents will not be modified as described herein, this Agreement will be null and void, and Servicer will retain all rights and remedies under the Loan Documents.

3. **Modification of the Loan Documents.** If the preconditions described in Section 2 of this Agreement have been satisfied, both Parties have signed the Agreement, then the Loan Documents are hereby modified as follows:

The new principal balance of the Note is $ 440,970.55 ("New Principal Balance"). The new total balance of the Loan, which includes unpaid principal, interest accrued but not paid, and all outstanding Servicer fees, charges and advances, will be $ 508,261.18 ("New Total Balance") (the total due as of date of this document March 11, 2014) The New Total Balance includes Servicer's deferral of unpaid principal, interest accrued but not paid, Servicer fees, charges, and/or advances in the amount of $ 66,448.66 ("Deferred Amounts").

Interest at the rate of 4% will begin to accrue on the New Principal Balance as of April 1, 2014 and through the Reduction Period Maturity Date (defined below). You will make monthly payments of "interest only" accruing at the New Interest Rate (defined below) on the New Principal Balance beginning May 1, 2014 and continuing thereafter until the Reduction Period Maturity Date. Because these are "interest only" payments, the New Principal Balance will not be reduced. The monthly payments will vary based upon the number of days between payment days. In addition to this payment, Servicer may, as allowed by the loan documents and the Real Estate Settlement Procedures Act, collect deposits to an escrow account for the payment of real property taxes, insurance and other escrow items. The new maturity date will be August 1, 2037 ("New Maturity Date").

The Deferred Amounts will be deferred to the end of the loan and will be due and payable on the New Maturity Date. The balance of fees not deferred will remain due on the loan until paid.

Beginning on May 1, 2014 and ending at the Reduction Period Maturity Date as long as Borrower is not in default in payments due under this Agreement or other representations made in this Agreement, the new interest rate and monthly payments due through the Reduction Period Maturity Date are as follows:

| | |
|---|---|
| New Interest Rate: | 4% |
| Reduction Period Maturity Date: | April 1, 2019 |
| Monthly Reduction Period | |
| Range of Monthly Interest Payment*: | $ 1,469.90 |
| Monthly Escrow Payment Amount **: | $ 420.73 |
| Ancillary Monthly Payment***: | $ 0.00 |
| TOTAL MONTHLY PAYMENT: | $ 1,890.63 |

4:72

2

\* Your payment amount will vary based upon the number of days in any payment cycle. Displayed above is the range for 28 to 31 day months.

\*\* Servicer retains the right to adjust the Monthly Escrow Payment Amount during the Reduction Period as permitted by the Loan Documents and the Real Estate Settlement Procedures Act.

\*\*\* Servicer retains the right to adjust the Ancillary Monthly Payment Amount during the Reduction Period as permitted by the Loan Documents.

The terms in Section 3 of this Agreement shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate. If the Loan Documents do not provide for the establishment of an escrow account for property taxes and insurance to be held and disbursed by the Servicer (referred to herein as "T&I Escrow"), then Borrower will pay Servicer the Monthly Escrow Payment Amount set forth above for Servicer to place in a T&I Escrow Account, and Servicer will pay property taxes and insurance premiums on the Property as they become due.

If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is fully executed, then Servicer may adjust the New Modified Balance as necessary to account for these amounts, and will send an appropriate written notice of such adjustment to Borrower.

If Borrower delivers all payments described above and as required herein through the Reduction Period Maturity Date, and if Borrower is not otherwise in default under the Loan Documents or this Agreement at the Reduction Period Maturity Date, then upon the Reduction Period Maturity Date, Borrower will continue making payments in accordance with the interest rate and additional terms required by the Loan Documents without regard to this Agreement provided, however, that Borrower's monthly payment will adjust to an amount sufficient to fully repay the New Principal Balance over the remaining term of the loan (as may be modified herein) in substantially equal fully amortizing installments of principal and interest accruing thereon. In addition to any other amounts due under the terms of the Loan Documents, the Final Payment will include the Deferred Amounts, which will be due and owing no later than the Maturity Date of the Loan.

4. **Events of Default.** If Borrower fails to make any of the payments described in Section 3 of this Agreement within fifteen (15) days after the due date thereof, or otherwise fails to comply with any of the terms, conditions, representations or agreements set forth in this Agreement or in the Loan Documents, then such failure constitutes an event of default under this Agreement and the Loan Documents. Upon Borrower's default and the expiration of any right to cure under the Loan Documents, or as prescribed by applicable law, at Servicer's option and upon Servicer's delivery of notice to Borrower, this Agreement shall become null and void as though it had never existed, and Servicer's rights and Borrower's obligations will be determined without regard to this Agreement. Furthermore and unless federal or state law requires otherwise, Servicer will be entitled to (i) resume foreclosure activities and complete any foreclosure of the Property, and (ii) state as due under the Note an amount calculated pursuant to the Loan Documents without regard to this Agreement, though giving credit for any payments made hereunder as provided for in the Loan Documents. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.

5. **Additional Agreements.** The Parties further agree to and acknowledge each of the following:

    A. That all persons who signed the Loan Documents, or their authorized representative(s), have signed this Agreement, unless a Borrower is deceased or the Servicer has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification or forbearance that the Parties previously entered into with respect to the Loan.

C. That Borrower will comply with any agreement or obligation in the Loan Documents to make all payments of taxes, insurance premiums, assessments, refunds of advances due Servicer, impounds, and all other payments, the amount of which may change periodically over the term of the Loan.

D. That this Agreement constitutes notice that the Servicer's waiver as to payment of T&I Escrow amounts due to Servicer, if any, in the Loan Documents is hereby revoked, and that Borrower has been advised of the amount needed to fully fund the T&I Escrow Account. Unless expressly required by applicable law, Servicer shall not be required to pay Borrower any interest with respect to the T&I Escrow Account. Unless expressly prohibited by law, Borrower hereby waives the right to receive interest with respect to the T&I Escrow Account.

E. That the Loan Documents are composed of duly executed, valid, binding agreements, enforceable in accordance with their terms creating a valid and enforceable lien against the Property, and that the Parties hereby reaffirm the Loan Documents.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, Servicer and Borrower will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, Borrower agrees as follows: If all or any part of the Property or any interest in it is sold or transferred without Servicer's prior written consent, Servicer may, at its option, require immediate payment in full of all sums secured by the Loan Documents defined in Section B(1) of this Agreement. However, Servicer shall not exercise this option if federal or other applicable law or regulation prohibits the exercise of such option as of the date of such sale or transfer. If Servicer exercises this option, Servicer shall give Borrower notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed, within which Borrower must pay all sums due under the Note. If Borrower fails to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Loan Documents without further notice or demand on Borrower.

H. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstances, to assume the Loan. This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I. Nothing herein shall be deemed to be a waiver of any default that exists as of the date hereof, whether declared by the Servicer or not, it being expressly agreed that any such default shall continue to exist until Borrower fully performs each and every condition hereof.

J. As a material part of the consideration for Servicer entering into this Agreement, except as prohibited by applicable law, Borrower (i) releases and holds harmless any current or prior Servicer or note-holder from and against any claims, actions and defenses arising out of or relating to the Loan Documents or the servicing of the Loan (ii) represents and warrants that Borrower has no right of set-off or counterclaim or any defense to the obligations under the Loan Documents. Borrower hereby confirms that this Agreement represents the entire agreement between Borrower and Servicer with respect to the subject matter herein, and that no other prior terms, obligations, covenants, representations, statements or conditions, oral or otherwise, of any kind whatsoever concerning the modification of the Loan Documents that are inconsistent with the terms of this Agreement shall affect the Loan Documents or negate the operation and effect of this Agreement.

K. Any expenses incurred in connection with the servicing of the Loan, but not yet charged to the account as of the date of this Agreement, may be charged to the Loan and secured by the Mortgage after the Modification Effective Date.

L. Borrower will execute such other documents or papers as may be reasonably necessary or required by Servicer to effectuate the terms and conditions of this Agreement.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

In Witness Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below.

_Carolyn Thunk_  
Borrower Signature

Date: 3/25/14

_Lee Dunlap_  
Borrower Signature

Date: 3/25/14

_Carlee L. Carlton_  
Witness Signature

_Brenda Nicholson_  
Witness Signature

SERVICER
Caliber Home Loans, Inc., on behalf of the current investor

By: _____

3/25/14

Modification Effective Date
(Determined by Servicer)

Michelle R. Ghidotti-Gonsalves, Esq. (SBN 27180)
GHIDOTTI | BERGER
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mghidotti@ghidottiberger.com

Attorney for Creditor
U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH – SALT LAKE CITY DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 16-28218 |
| Lee Daniel Lueck and Carlyn J Lueck, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On May 21, 2019 I served the following documents described as:

- **NOTICE OF MORTGAGE PAYMENT CHANGE**

1
CERTIFICATE OF SERVICE

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Lee Daniel Lueck<br>2 Cherry Woods Lane<br>Sandy, UT 84092-4904<br><br>**Joint Debtor**<br>Carlyn J Lueck<br>2 Cherry Woods Lane<br>Sandy, UT 84092-4904<br><br>**U.S. Trustee**<br>United States Trustee<br>Washington Federal Bank Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111 | **Debtor's Counsel**<br>David T. Berry<br>Berry & Tripp<br>5296 South Commerce Drive<br>Suite 200<br>Salt Lake City, UT 84107<br><br>J. Robert Tripp<br>Berry & Tripp<br>5296 South 300 West #200<br>Salt Lake City, UT 84107<br><br>**Trustee**<br>Lon Jenkins tr<br>405 South Main Street<br>Suite 600<br>Salt Lake City, UT 84111 |
|---|---|

__xx___ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on May 21, 2019 at Santa Ana, California

*/s/ Lynette Curtin*
Lynette Curtin

2
CERTIFICATE OF SERVICE